615 So.2d 420 (1993)
Katherine HARSH
v.
Pascal F. CALOGERO and South Carolina Insurance Company.
No. 92-CA-0926.
Court of Appeal of Louisiana, Fourth Circuit.
February 26, 1993.
*421 Robert A. Caplan, James E. Vinturella, Lewis & Caplan, New Orleans, for appellant.
David M. Cambre, Lozes & Cambre, New Orleans, for appellee.
James Ryan, III, Raymond P. Ward, Sessions & Fishman, New Orleans, for appellee.
Before KLEES and LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
The plaintiff, Katherine Harsh, sued seeking damages from her fall from a balcony. The defendants, Pascal Calogero, South Carolina Insurance Company, and United Services Automobile Association, were granted a motion for summary judgment because the trial court determined that the plaintiff's claim was prescribed. We affirm.
FACTS:
On October 1, 1988, Katherine Harsh alleges that, while a resident of an apartment owned by Pascal Calogero, she tripped over a part of the balcony railing and fell over the rail to the ground below. She was hospitalized for approximately one month. During the first two weeks she was in a coma. As a result of the fall the plaintiff alleges to have suffered severe closed head injuries, which caused brain hemorrhaging and contusions, partial paralysis, partial loss of vision, speech impairment, significant loss of cognitive abilities and large memory deficits.
Upon awakening from her coma, the plaintiff could not remember the details of the accident. However, within four weeks, while undergoing therapy, the plaintiff noticed the scar on her ankle and her memory of the accident returned. She was discharged from the hospital on December 8, 1988. The plaintiff filed suit on May 22, 1990. The defendants filed an exception of *422 prescription and motion for summary judgment which was granted by the trial court. The plaintiff appeals.

DISCUSSION:
Prescription runs against all persons unless exception is established by legislation. La.C.C. art. 3467. Prescription begins to run against a party when he has actual or constructive knowledge of the tortious act, the damage caused, and the causal relationship between the two. Beth Israel v. Bartley, Inc., 579 So.2d 1066 (La. App. 4th Cir.1991).
The plaintiff testified during deposition that, upon seeing a scar on her ankle during physical therapy, something "clicked" and she remembered the facts surrounding her accident. She remembered tripping over the railing and falling. Additionally, she testified that, after returning home from the hospital, she spoke often of the accident with her boyfriend. Clearly, the plaintiff, as early as six weeks after the accident, regained full memory of the facts surrounding the accident. Thus, prescription started to run against her at that point.

CONTRA NON VALENTEM:
The plaintiff argues that her injuries, which were caused by the negligence of the defendant, rendered her mentally incapable of comprehending and thus acting upon those legal remedies available to her within the prescriptive period. Thus, the doctrine of contra non valentem non currit praescriptio (prescription does not run against those who cannot act) should apply and suspend the running of prescription for the period that she was mentally incapable of acting upon her legal remedies.
Contra non valentem is an exceptional remedy recognized by our jurisprudence which is in direct contradistinction to articles in our Civil Code. Therefore, it must be strictly construed. The plaintiff relies on the Louisiana Supreme Court case of Corsey v. State Department of Corrections, 375 So.2d 1319 (La.1979). In Corsey the Supreme Court outlined the situations in which contra non valentem is applicable: 1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; 2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; 3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and 4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
The plaintiff argues that, as in Corsey, the defendant's negligence caused the plaintiff's mental incapacity thus, in effect, the defendant prevented the plaintiff from availing herself of her legal remedy. As a corollary to the Corsey analogy, the plaintiff also argues that a severe mental incapacity which substantially impaired the plaintiff's ability to understand her legal rights is sufficient to invoke the doctrine of contra non valentem. We disagree.
In Corsey, the Supreme Court denied the peremptory exception of prescription because the defendants tortious conduct rendered the plaintiff so mentally incapable as being unable to assert a legal demand to recover for such injuries. Due to the tortious conduct of the defendant the plaintiff in Corsey was unable to communicate with anyone or make himself understood. Additionally, Corsey alleged that he did not begin to understand what had happened to him until more than a year after the accident. In other words, due to the tortious conduct of the defendant, the plaintiff was placed into a mental stupor in which he could not understand anything much less the facts surrounding his injury. This state of mind would be analogous to total amnesia or being in a coma. Thus, the rule simply stated is if the defendant's tortious conduct causes the plaintiff to be in such a condition that he cannot even understand the facts which surrounded his injury, then prescription will not begin to run until the condition subsides. This severe state of mental incapacity is the *423 threshold set by the Supreme Court in order for the doctrine of contra non valentem to apply in situations such as this.
Applying this principle to the case before us, clearly, the action is prescribed. The plaintiff was in a coma for two weeks. During this period prescription was suspended. During approximately the next four weeks the plaintiff was still in such a mental stupor that she could not even remember the facts surrounding her accident. During this period prescription was suspended. However, once the plaintiff regained such faculties so as to be able to recall the facts surrounding her accident, prescription commenced.
In the instant case, the plaintiff knew within six weeks of her accident, the facts which surrounded the incident. She knew that she tripped on the balcony and that she fell. She was also able to communicate her version of the facts to other people. The plaintiff admits that she spoke frequently about the accident with her boyfriend. Clearly, although the plaintiff may have suffered injuries which have affected her cognitive ability, she was not in such a stupor as to not know the cause of her injury. Thus, unlike the plaintiff in Corsey, Harsh knew the circumstances of her injuries but was merely ignorant of her legal remedies. No one may avail himself of ignorance of the law. La.C.C. art. 5.
Beyond the fact that Corsey is distinguishable from the instant case, the policy considerations which underlie the doctrine of contra non valentem do not weigh in favor of the plaintiff. Initially it must be noted that the Civil Code provides that prescription runs against absent persons and incompetents, including minors and interdicts, unless exception is established by legislation. La.C.C. art. 3468. Thus, our legislature had made it clear that mental incapacity is insufficient to suspend the running of prescription. Additionally, contra non valentem is an exceptional remedy which should only be applied where the defendant is unable to act. The plaintiff was in no way impeded from acting. Even if we accept that the defendant's negligence caused her mental impairment, his negligence did not stop her from asserting her rights or conceal from her the facts which gave rise to her injury. Therefore, the doctrine of contra non valentem is inapplicable to the facts before us.
Finally, even if this court accepted that contra non valentem should apply where the plaintiff is incapable of availing himself of his legal rights, this court does not feel that the plaintiff in the instant case was in such a position. The plaintiff applied for governmental benefits. When told that she could not receive the benefits because she was living with a person who already received benefits she moved. Additionally, the plaintiff filed for a special transportation pass in order to have a reduced fare on public transportation for being disabled. Clearly, the plaintiff was capable of asserting her interests in other areas thus she was capable of asserting her interests in the proper court within the prescriptive period.

CONCLUSION:
The decision of the trial court granting the exception of prescription in favor of the defendants is affirmed. All parties shall pay their own costs of this appeal. However, because the plaintiff proceeded in forma pauperis her costs are waived.
AFFIRMED.