STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
CA 08-1535

ERIC RYAN WIMBERLY, ET UX.

VERSUS

JAMES ORVILLE BLUE, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2007-1723
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Dennis Joseph Vidrine**
**Vidrine & Vidrine**
**711 West Pinhook Road**
**Lafayette, LA 70503**
**(337) 233-5195**
**Counsel for Plaintiffs/Appellants:**
**Eric Ryan Wimberly**
**Stameka Nakia Daigle Wimberly**

**Jeffrey Ackermann**
**Durio, McGoffin, & Stagg**
**P. O. Box 51308**
**Lafayette, LA 70505**
**(337) 233-0300**
**Counsel for Defendants/Appellees:**
**James Orville Blue**
**Earline Bourque Blue**

**John Stafford Irion, Jr.**
**Attorney at Law**
**P.O. Box 3412**
**Lafayette, LA 70502-3412**
**(337) 233-0505**
**Counsel for Defendants/Appellees:**
**Managing Investments, Inc.**
**John Raymond Johnson, Jr.**

**Jeremy A. Hebert**
**Becker & Associates**
**P. O. Box 52085**
**Lafayette, LA 70505**
**(337) 233-1987**
**Counsel for Defendant/Appellee:**
**Lafayette Consolidated Government**

**GREMILLION, Judge.**

An exception of prescription maintained in favor of defendants/appellees, James Orville Blue and Earline Bourque Blue, dismissing the demands of plaintiffs/appellants, Eric Ryan Wimberly and Stameka Nakia Wimberly, is the subject of the present appeal. For the reasons that follow, we affirm.

## FACTS

The Blues purchased Lot 2 of the Fleur De Lis Subdivision in Lafayette Parish in June 2000. They never undertook any construction on the lot. In July 2004, the Blues sold the lot to the Wimberlys. The Wimberlys purchased the lot to build a home. They did not immediately begin construction. At the time of sale, the Wimberlys did not have a survey done of the property. They did not consult any maps or plats. They were not concerned about whether the property was located in a flood zone, as there was no home on the property and flood insurance was not required at that point. The Blues were not aware of the flood zone classification of the property.

In February or March 2007, the Wimberlys began the construction process. They hired an architect to design their home, obtained a bid for the framing of the home, and hired a surveyor, but only to establish the four corners of the foundation. As they were acting as their own general contractor in the construction, the Wimberlys applied for a building permit. They were informed, for the first time, that the lot fell within a floodway on the Flood Insurance Rate Map and a permit could not be issued. The subject suit followed.

The Wimberlys sued the Blues in redhibition. The Blues answered and separately filed an exception of prescription. At the hearing, counsel for the

1

Wimberlys conceded that the Blues were good faith sellers. However, the Wimberlys argued that the applicable prescriptive period was one year from the date they discovered that the property could not be built upon by virtue of the designation of the land as a floodway.

The principal dispute was, and is on appeal, whether the lot was properly designated as residential or commercial property and subject to a prescriptive period of one year from the date of delivery rather than one year from the date of discovery. The trial court found that Lot 2 was residential immovable property subject to a liberative prescriptive period of one year from the date of delivery, and that the doctrine of *contra non valentem* was not applicable. The Wimberlys' demands against the Blues were dismissed with prejudice. The Wimberleys appeal the findings that the lot was residential immovable property and that *contra non valentem* did not operate to interrupt prescription.[1]

## ANALYSIS

The suit filed by the Wimberlys sounds in redhibition, and seeks rescission of the sale, damages and attorney fees. The Wimberlys specifically alleged that the Blues knew or should have known of the latent defect the floodway designation represented.

---

[1] The doctrine of *contra non valentem* is a jurisprudential rule under which prescription may be suspended. *Carter v. Haygood*, 04-646 (La. 1/19/05), 892 So.2d 1261. Louisiana has recognized four occasions in which *contra non valentem* is applied:

> 1) where there was some legal cause that prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
> 2) where there was some condition coupled with the contract or connected with the proceeding that prevented the creditor from suing or action;
> 3) where the debtor himself has done some act to prevent the creditor from availing himself of his cause of action; or
> 4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.

*Id.*

2

The Wimberlys argue that under the doctrine of *contra non valentem*, prescription did not begin to run until the discovered that the property could not be built upon. Prescription in redhibitory actions is governed by La.Civ. Code art. 2534, which reads:

> A. (1) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.
>
> (2) However, when the defect is of residential or commercial immovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.
>
> B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.
>
> C. In any case prescription is interrupted when the seller accepts the thing for repairs and commences anew from the day he tenders it back to the buyer or notifies the buyer of his refusal or inability to make the required repairs.

Article 2534 determines the prescriptive date based upon two criteria: 1) whether the seller knew of the defect, and 2) whether the sale involved residential or commercial property. A seller who knows of a latent defect in the thing sold and fails to disclose it, known as a "bad faith seller," can be sued at any point up to one year from the date the buyer discovers the defect, regardless of the nature of the property sold. La.Civ. Code art. 2534(B). A seller who did not know of the defect in the thing sold can be sued within the earlier of four years from date of delivery or one year from date of discovery. La.Civ. Code art. 2534(A)(1). However, a seller of residential or commercial immovable property who did not know of the defect can only be sued within one year from the day the property was delivered to the buyer. La.Civ. Code art. 2534(A)(2). The date of discovery plays no part at all in determining the

3

prescriptive period against such a seller.

The language of Article 2534 challenges an interpretation extending the discovery rule to cases involving the sale by a good faith seller of residential or commercial property. The article begins with the basic premise that when the seller does not know of the defect in the thing, the buyer's redhibitory action prescribes four years from the date of delivery or one year from his discovery of the defect, whichever comes first. However, when the thing sold is residential or commercial immovable property, the buyer's redhibitory action prescribes one year from the date of delivery. Paragraph (B) establishes the prescriptive period for bad faith sellers at one year from the date of discovery. The legislature specifically provided for the date of discovery to govern—to one degree or another—the tolling of prescription in every instance except when the thing sold is residential or commercial property.

> In interpreting a statute, the supreme court has stated the following principles:

> It is presumed that every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. *Bunch v. Town of St. Francisville,* 446 So.2d 1357, 1360 (La.App. 1 Cir.1984). Conversely, it will not be presumed that the Legislature inserted idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant or useless. *Id.*

*ABL Management, Inc. v. Board of Sup'rs of Southern Univ.*, 00-0798, p. 6 (La.11/28/00), 773 So.2d 131, 135. To apply the discovery rule to the sale of residential or commercial immovable property, when that situation is the only one in which the legislature did not specifically provide for its application, would render subparagraph (2) of La.Civ. Code Article 2534 redundant. Had the legislature intended the discovery rule to apply to this situation, it would have provided that the prescriptive period ran from the date of discovery.

4

The distinction between residential or commercial property and other kinds of property was the subject of our decision in *Stevens v. Bruce*, 04-133 (La.App. 3 Cir. 6/2/04), 878 So.2d 734. *Stevens* involved a claim by plaintiffs who discovered the presence of drums of hazard waste buried on the property they purchased from the defendants. The defendants filed exceptions of prescription and no cause of action. The trial court held that Article 2534 applied to all immovable property and was thus prescribed. On appeal, we held that not all property can be classified as either residential or commercial, and that if the property at issue did not meet the definitions of either of those terms as they are commonly understood, the prescriptive period that applied to that non-residential or non-commercial property was one year from the discovery of the defect.

The Wimberlys argue that "residential" only refers to property upon which structural improvements have been built. The trial court, on the other hand, held that the term refers to property that one intends to develop as a residence. The trial court's reasoning is clearly contrary to our holding in *Stevens*; indeed, the defendants in *Stevens* had unsuccessfully posed that very argument. We do not, however, find that in the context of this property the trial court manifestly erred in finding that this land was residential as contemplated by Article 2534.

In support of the exception, the depositions of the Wimberlys and the Blues were introduced. Louisiana Code of Civil Procedure Article 931 provides that evidence may be introduced in such an instance. When evidence is so introduced, the trial court's findings of fact are subject to the manifest error-clearly wrong standard of review. *Carter v. Haygood*, 04-0646 (La. 1/19/05), 892 So.2d 1261. Under this standard, if the trial court's findings are reasonable in light of the record reviewed in

5

its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993).

As we stated in *Stevens*, "residential" means "used as a residence or by residents," or "restricted to or occupied by residences," or "of or relating to residence or residences." *Stevens*, 878 So.2d at 738. Lot 2 is located in the Fleur De Lis Subdivision, a residential development. Houses sit directly across the street and behind Lot 2. Further, plaintiffs had improved the lot by installing French drains and a culvert along the entire street frontage. Viewing this evidence, we find the trial court had more than a reasonable basis for finding that Lot 2 met the definition of "residential," for purposes of La.Civ.Code art. 2534. Pursuant to paragraph (A)(2) of Article 2534, the claim is subject to a prescriptive period of one year from the date of delivery. We affirm the trial court's maintenance of the exception of prescription.

## CONCLUSION

Civil Code Article 2534(A)(2) expressly precludes the consideration of date of the buyer's discovery of a defect in determining the prescriptive period in a redhibition claim. The trial court's finding that Lot 2 of the Fleur De Lis Subdivision is residential property is not manifestly erroneous. As the thing sold was residential immovable property, the applicable prescriptive period is one year from the date of delivery. The Wimberlys' demands against the Blues, brought three years from the date of delivery, are prescribed. Costs of this appeal are taxed to appellants.

**AFFIRMED.**

6