# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 09-758


**CHARLES GLISAN, ET UX.**

**VERSUS**

**MICHAEL EATON, ET UX.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 233,854
HONORABLE GEORGE CLARENCE METOYER JR, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billy Howard Ezell, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


Ricky L. Sooter
Provosty, Sadler, deLaunay, Fiorenza & Sobel
P. O. Box 1791
Alexandria, LA 71309-1791
(318) 445-3631
Counsel for Defendants/Appellees:
Michael Eaton
Amanda Eaton

Albert Joseph Nicaud
Attorney at Law
3000 18th St.
Metairie, LA 70002
(504) 837-1304
Counsel for Defendants/Appellees:
Ralph Chance
Chance's Inspection Services

**Randall Brian Keiser**
**Keiser Law Firm**
**P.O. Box 12358**
**Alexandria, LA 71315-2394**
**(318) 443-6168**
**Counsel for Defendants/Appellees:**
**Ralph Riggs**
**Key Realty**

**Joel Boussert**
**Crowell & Owens**
**P. O. Box 330**
**Alexandria, LA 71309**
**(318) 445-1488**
**Counsel for Plaintiffs/Appellants:**
**Charles Glisan**
**Amy Glisan**

**GREMILLION, Judge.**

Charles and Amy Glisan, appellants, appeal the judgment of the trial court maintaining the exception of prescription in favor of Ralph R. Chance, d/b/a Chance's Inspection Services (Chance). For the reasons that follow, we affirm.

## FACTS

The Glisans purchased a home in Rapides Parish on June 1, 2007, from Michael and Amanda Eaton. Prior to the sale, the Glisans enlisted Chance to perform an inspection of the home, which was accomplished on May 5, 2007. Chance noted some roofing issues that needed addressing, and met with a roofing contractor and the Glisans on May 9, 2007, at the property. He delivered his report to the Glisans on May 10, 2007.

On May 30, 2008, the Glisans filed suit in Pineville City Court in redhibition against the Eatons, seeking *quanti minoris* relief.[1] They alleged that in the spring of 2008, they conducted an inspection of the property that revealed that the foundation of the home had cracked and/or unevenly settled. In December 2008, the Glisans filed a motion to have the case transferred to the Ninth Judicial District Court on the belief that the matter would exceed Pineville City Court's jurisdictional limit. In January 2009, the Glisans amended their petition to add Chance, realtor Ralph Riggs, and Riggs' employer, Key Realty, LLC.

Chance responded to the suit with an exception of prescription. This exception asserted that pursuant to the terms of La.R.S. 9:5608, the Glisans had one year from the date of the alleged act or omission of a home inspector to file suit. Because the

---

[1] *Quanti minoris* is a reduction in the purchase price based upon the existence at the time of sale of a hidden defect not susceptible of discovery by simple inspection on the buyer's part. La.Civ. Code art. 2541.

1

Glisans did not allege that Chance was a joint tortfeasor, the amendment of the petition does not relate back to the filing of the original petition; therefore, according to Chance, the suit against him was not timely instituted.

The Glisans' opposition was based upon the doctrine of contra non valentem, and specifically on what is known as the "discovery rule," under which jurisprudence of this State has held that prescription does not begin to toll against a plaintiff whose cause of action is not known or reasonably knowable, even though the defendant did nothing to induce the plaintiff's ignorance.

## ANALYSIS

Prescription of actions against home inspectors is governed by La.R.S. 9:5608, which reads:

> A. No action for damages against any home inspector duly licensed under the laws of this state or against any home inspection company, whether based in tort, breach of contract, or otherwise, arising out of a home inspection or report performed or prepared by the home inspector shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date the act, omission, or neglect is alleged to have occurred.

> B. The prescriptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

> C. The prescriptive period provided in Subsection A of this Section shall not apply to any proceedings initiated by the Louisiana State Board of Home Inspectors.

> D. The provisions of this Section shall not apply to the inspection of new homes which are subject to the provisions of R.S. 9:3141 et seq.

This statute sets forth a prescriptive, rather than a peremptive, period, as clearly stated in sections (B) and (C). There are two distinctions between prescription and peremption: (1) the tolling of peremption extinguishes the right sought to be exercised, whereas prescription merely limits the time within which one may exercise

2

the right; and (2) peremption is not subject to renunciation, suspension or interruption, while prescription may be renounced, suspended or interrupted. La.Civ.Code arts. 3458 and 3461; *Naghi v. Brener*, 08-2527 (La. 6/26/09), 17 So.3d 919; *Yen v. Avoyelles Parish Police Jury*, 07-225 (La.App. 3 Cir. 3/4/09), 5 So.3d 1002, *writ denied*, 09-1098 (La. 9/4/09), 17 So.3d 964. Indeed, the effect of La.Code Civ.P. art. 1153, allowing an amendment to relate back to the date of original filing, does not affect a peremptive period. *Naghi*, 17 So.3d 919.

Chance argues that the language of the statute clearly expresses the legislature's intent to limit suits against home inspectors to one year from the date of the alleged act, omission or neglect without the suspensive effect of contra non valentem. Specifically, he points to the statute's absence of language allowing suspension pending discovery. A comparison of the statute with other provisions governing prescription is helpful in discerning whether this position is correct.

Louisiana Civil Code article 3492 reads:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.

Article 3492 does not reference discovery as triggering or suspending the tolling of prescription in tort actions. However, as this court has previously noted in construing article 3492:

> Damage is sustained, within the meaning of prescription, only when it has manifested itself with sufficient certainty to support the accrual of a cause of action. *Cole v. Celotex Corporation,* 620 So.2d 1154 (La.1993). The damages suffered must at least be actual and appreciable in quality. Where a claimant has suffered some but not all damages, prescription runs from the day on which he suffered actual and appreciable damages even though he may thereafter realize more precise

3

damages. *Harvey v. Dixie Graphics, Inc.,* 593 So.2d 351 (La.1992). However, prescription will not commence at the earliest possible indication that plaintiff may have suffered some wrong. It will begin to run when plaintiff has a reasonable basis to pursue a claim against a specific defendant. *Jordan v. Employee Transfer Corporation,* 509 So.2d 420 (La.1987). Prescription should not be used to force a potential plaintiff who believes that he may have a cause of action to rush to the courthouse to file suit against all parties that may have caused the damage. *Miley v. Consolidated Gravity Drainage District No. 1,* 93-1321 (La.App. 1st Cir. 9/12/94); 642 So.2d 693.

*Labbe Serv. Garage Inc. v. LBM Distribs., Inc.,* 94-1043, p. 11 (La.App. 3 Cir. 2/1/95), 650 So.2d 824, 829. There is a clear distinction between the statute at issue and article 3492. Prescription does not commence under article 3492 until the date damages are sustained, and that date is determined according to when the damages are discovered. That date could be the date of the tort, but it could be much, much later.

The legislature has acted to limit the application of contra non valentem in other circumstances. Recently, we determined that, in the context of redhibitory actions against good faith sellers of residential property, contra non valentem did not suspend the running of prescription against purchasers who did not learn of a flood zone designation that prevented them from building on the property. *Wimberly v. Blue*, 08-1535 (La.App. 3 Cir. 5/6/09), 11 So.3d 560. Civil Code article 2534 provides that the discovery rule suspends prescription against a bad faith seller, but does not suspend prescription against a good faith seller of residential or commercial immovables. The absence of reference to the date of discovery in the good faith seller situation precluded the application of contra non valentem.

Chance argues that the absence of reference to the date of discovery indicates that the legislature intended to limit actions to one year from the date of the alleged act or omission on the home inspector's part. We find that, because the statute

4

mandates that the triggering mechanism for the tolling of prescription is the date the act, omission or neglect is alleged to have occurred, the legislature intended to limit the prescriptive period in such a way as to preclude the operation of the discovery rule. Had the legislature intended for the discovery rule to apply, it could have worded the statute in the manner it did article 3492.

## CONCLUSION

Louisiana Revised Statute 9:5608 establishes a one-year prescriptive period for actions against home inspectors. The wording of the statute persuades us that the legislature intended to limit that period in such a manner as to preclude the application of the discovery rule. The ruling of the trial court is affirmed. Costs of this appeal are taxed to Plaintiffs/Appellees, Charles and Amy Glisan.

**AFFIRMED.**