GUIDRY, Justice,
dissents and assigns reasons.
[il respectfully dissent from the majority’s finding that the doctrine of contra non valentem applies to suspend the liberative prescriptive period applicable in the mineral rights action filed by the plaintiff, James P. Wells, Jr. For the following reasons, I conclude the court of appeal did not err in affirming the trial court judgment granting the peremptory exception of prescription filed by the defendants, Donald J. Zadeck and Zadeck Energy Group, Inc.
In the instant suit, the plaintiff seeks production payments from the defendants for a unit well that produced oil and gas from property subject to a mineral servitude that was owned by his mother and transferred to him by inheritance. The record reflects that, from the early 1950’s until the time of her death in 2002, the plaintiffs mother, Olean Wells, retained sole ownership of an undivided one-fourth *1155 mineral interest in property located in De-Soto Parish.- In 1954, Ms. Wells executed a mineral lease in favor of a party, and released the lease four years later due to the lack of productivity. Shortly thereafter, Ms. Wells moved to another parish. The record lacks any evidence that Ms. Wells subsequently had contact with any party regarding the mineral servitude owned by) ¡.her or whether she knew of the production activities that continued on the property. The instant suit was filed by the plaintiff after he learned in 2008 of the existence of the mineral servitude and that a unit well had been producing oil and gas as early as 1965. The plaintiff now seeks relief from the trial court’s dismissal of his suit based on prescription.
The parties agree that the plaintiffs claims filed against the defendants are prescribed on the face of the petition because suit was instituted outside of the applicable ten-year liberative prescriptive period. See La. C.C. art. 3499. To cure the legal defect, the plaintiff has invoked the doctrine of contra non valentem, the jurisprudential principle that suspends the running of prescription when the circumstances of the case fall into one of four categories.[1] Each category allows the courts “to weigh the ‘equitable nature of the circumstances in each individual case’ to determine whether prescription will be tolled.” Carter v. Haygood, 04-0646, p. 12 (La.1/19/05), 892 So.2d 1261,1268.
The plaintiff primarily relies on the fourth category of contra non valentem, known as the discovery rule, which courts have applied to suspend the running of liberative prescription where the cause of action is neither known nor reasonably knowable by the plaintiff, and the plaintiffs ignorance is not induced by the defendant. Marin v. Exxon Mobil Corp., 09-2368, p. 12 (La.10/19/10), 48 So.3d 234, 245; La. C.C. art. 3467, Official Revision Comment (d). “[T]he ultimate issue in determining whether a plaintiff had constructive knowledge sufficient to commence a prescriptive period is the reasonableness of the plaintiffs action or inaction in light of his education, intelligence, and the nature of the defendant’s conduct.” Marin, 09-2368, p. 15 (La.10/19/10), 48 So.3d at 246, citing Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502, 511. However, “[t]his principle will not except the plaintiffs claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned.” Marin, 09-2368 at 13 (La.10/19/10), 48 So.3d at 245-246, citing Corsey v. State, Through Dept. of Corrections, 375 So.2d 1319, 1322 (La.1979).
The defendants correctly point out that the plaintiff bears the burden of proving prescription is suspended under the doctrine of contra non valentem. See Lima v. Schmidt, 595 So.2d 624 (La.1992). See also, Barbe v. American Sugar Refining, Inc., 11-0544 (La.App. 4 Cir. 12/14/11), 83 So.3d 75, 79 (“A reading of the reasons for *1156 judgment as a whole shows that the trial court properly charged the plaintiffs with the burden of proving that the doctrine of contra non valentem applied to suspend the running the prescription.”). With this in mind, the defendants argue that the discovery rule does not apply in this case because the plaintiff is unable to satisfy his burden of proving his alleged ignorance of his cause of action was not attributable to his or his mother’s willfulness or neglect. I agree.
The plaintiff urges that his mother had no knowledge at any time prior to her death of the continued existence of the mineral servitude or any oil and gas production activity following the termination of the lease in 1958. The plaintiff also maintains that he had no first hand knowledge of the existence of his mother’s |4mineral interests until December 2008 when he was contacted by a third party regarding his inherited ownership rights to the property. In support of his assertion that his mother lacked constructive knowledge sufficient to commence the tolling of prescription, the plaintiff states that his mother was minimally educated and lacked sufficient monetary resources as a single parent with two minor children. The plaintiff testified that had his mother become aware of available income from her property, he surely would have been aware of it since it would have been a remarkable event due to the family’s dire straits. In the alternative, the plaintiff speculates that his mother believed her mineral interests were worthless after the termination of the lease, and simply forgot about her ownership in the property after she moved to another parish.
While these factors may be true, they are not sufficient to sustain the plaintiffs burden of proving his mother’s ignorance of her cause of action for any mineral royalties, ignorance which is imputed to him, was not attributable to her own lack of diligence or neglect. See Marin v. Exxon Mobil Corp., 09-2368, p. 15 (La.10/19/10), 48 So.3d 234, 246. As an initial matter, the plaintiff fails to meet his burden of proof because his case is principally based on speculation and conjecture, namely, what he believed his mother knew or would have told him based on the family’s socioeconomic circumstances. Furthermore, based on the facts presented, I agree with the lower courts that it was not unreasonable to expect Ms. Wells to monitor her ownership interests following her earlier execution of a mineral lease. As the defendants correctly point out, the record reflects that a reasonable amount of diligence on the part of Ms. Wells to inspect her property or to communicate with her former neighbors would have put her on notice of drilling activity.
Being mindful that this court’s standard of review is not whether we would |shave weighed the evidence differently; rather, the standard is whether the trial court’s determination was manifestly erroneous or clearly wrong. Adhering to that standard, I do not find that the court of appeal erred in finding the trial court was not manifestly erroneous or clearly wrong in ruling that the doctrine of contra non valentem did not operate to suspend the running of prescription. See, London Towne Condominium Homeowner’s Ass’n v. London Towne Co., 06-401 (La.10/17/06), 939 So.2d 1227, 1231 (“[T]he trial court’s findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review.”). The law is clear that the doctrine of prescription protects defendants from having to defend against stale claims by requiring plaintiffs to file suit in a court of competent jurisdiction and venue in a timely manner. Cichirillo v. Avondale Industries, Inc., 04-2894, 04-2918, p. 9 (La.11/29/05), 917 So.2d 424, 430. As such, this court is bound to abide by the dictate that the doctrine of contra non valentem should only apply in exceptional *1157 circumstances. Renfroe v. State ex rel. Dept. of Transp. and Development, 01-1646 (La.2/26/02), 809 So.2d 947, 953; La. C.C. art. 3467, Official Revision Comment (d); Harsh v. Calogero, 615 So.2d 420, 422 (La.App. 4th Cir.1993) (Louisiana jurisprudence considers contra non valentem to be “an exceptional remedy ... in direct contradiction to the articles in the Civil Code” which must be “strictly construed.”). No exceptional circumstances exist under the facts presented.

. This court recognizes four factual situations in which contra non valentem prevents the running of liberative prescription:
(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff’s action;
(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3)where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
.(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff’s ignorance is not induced by the defendant.
Plaquemines Parish Com’n Council v. Delta Development Co., Inc., 502 So.2d 1034 (La. 1987).