STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-616


RAYEANNE OWENS AND RENE OWENS

VERSUS

ENTERGY CORPORATION,
CITY OF BROUSSARD AND KATHY LOWES


**************
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 2004-3076
HONORABLE THOMAS DUPLANTIER, DISTRICT JUDGE


**************
SYLVIA R. COOKS
JUDGE
**************


Court composed of Chief Judge Ulysses Gene Thibodeaux, Sylvia R. Cooks, and
Billy H. Ezell, Judges.


REVERSED.


Louis R. Koerner, Jr.
Koerner Law Firm
400 Lafayette Street
P.O. Box 4297
Houma, Louisiana 70361
(985) 580-0350
COUNSEL FOR PLAINTIFF/APPELLANT:
    Rene Owens

Kenneth W. Jacques
Law Offices of Kenneth W. Jacques
203 Carondelet Street
Suite 355, Maritime Bldg.
New Orleans, Louisiana 70130
(504) 524-1954
COUNSEL FOR PLAINTIFF/APPELLANT:
    Rene Owens

**George J. Armbruster, III**
**The Panagiotis Firm**
**1540 West Pinhook Road**
**Lafayette, Louisiana 70503**
**(337) 264-1516**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Rayeanne Owens**


**Thomas R. Hightower, Jr.**
**Wade Kee**
**A Professional Law Corporation**
**1019 Lafayette Street**
**Post Office Drawer 51288**
**Lafayette, Louisiana 70505**
**(337) 233-0555**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
      **Shelter Mutual Insurance Company and**
      **Cathy Lyles, as owner of and as pertains to**
      **110 Brownlee Avenue**


**John W. Penny, Jr.**
**Penny & Hardy**
**100 East Vermilion Street**
**Gordon Square, Suite 301**
**P.O. Box 2187**
**Lafayette, Louisiana 70502**
**(337) 231-1955**
**COUNSEL FOR DEFENDANTS:**
      **Cathy Lyles and**
      **Allstate Insurance Company**


Joseph R. Ballard
John A. Braymer
P.O. Box 2431
Baton Rouge, Louisiana 70821
(225) 381-5887
COUNSEL FOR DEFENDANT:
      Entergy Gulf States, Inc.

Donald D. Landry
Perrin, Landry, deLaunay, Dartez & Ouellet
P.O. Box 53597
Lafayette, Louisiana 70505
(337) 237-8500
COUNSEL FOR DEFENDANT:
      City of Broussard

**Paul F. Baker**
**Law Offices of Keith S. Giardina**
**9100 Bluebonnet Centre Blvd., Suite 300**
**Baton Rouge, Louisiana 70809**
**(225) 293-7272**
**COUNSEL FOR DEFENDANT:**
    **Robert Broussard**

**COOKS, Judge.**

### STATEMENT OF THE CASE

Rene and Rayeanne Owen appeal the judgment of the trial court granting Cathy Lyles' and Shelter Mutual Insurance Company's motion for summary judgment. For the reasons assigned below, we reverse the judgment of the trial court.

### STATEMENT OF THE FACTS

Cathy Lyles is the owner of two rental houses on Brownlee Avenue, Broussard, Louisiana, which are adjacent to one another. The house at 110 Brownlee was leased to Robert Broussard and insured by Shelter Mutual Insurance Company. The written lease between Mr. Broussard and Ms. Lyles provided the lessee assumed liability for injury caused by any defect in the leased premises under La.R.S. 9:3221. The other residence at 108 Brownlee was leased to Rene and Rayeanne Owens and insured by Allstate Insurance Company. There was no written lease between Ms. Lyles and the Owens.

Sometime around June 4, 2003, Mr. Broussard discovered a large hole in the grassy area which forms the boundary between the two lots. The hole was apparently formed when a sewer pipe burst underneath an Entergy utility box. The leaking water caused erosion in the area, and the utility box was broken and leaning over. When Mr. Broussard looked into the hole he could see exposed wires on the utility pedestal. He described the hole as being twelve to fifteen inches in diameter and over two feet deep. He called and reported the problem to Entergy on two occasions, and he attempted to remove the grass, which had grown over the hole, to expose the hole to view and minimize the danger to others in the neighborhood. Eventually, the leaky pipe was replaced by the City of Broussard and Entergy repaired the broken utility box. However, prior to the repair, on June 23, 2003, while cutting his grass Rene

1

Owens fell into the hole injuring his back, leg and knee.

Mr. Owens, and his wife, Rayeanne, sued Entergy, the City of Broussard, Cathy Lyles and her insurers, Allstate and Shelter for injuries. The Owens amended their petition to name Robert Broussard and his insurer, Liberty Mutual Insurance Company, as defendants, based upon Mr. Broussard's responsibility to maintain the premises under the lease.

Shelter filed a motion for summary judgment alleging there is no dispute that Ms. Lyles was unaware of the existence of the hole on or near the 110 Brownlee property. Absent knowledge of the potential danger created by the hole, as *owner* of 110 Brownlee, Ms. Lyles owed no duty to warn Rene Owens of its existence and no liability for injuries sustained. Ms. Lyles relied on La.Civ.Code art. 2317.1. Additionally, Shelter asserted Ms. Lyles, as *lessor* of 110 Brownlee, was absolved of any responsibility for the condition of the property because the lease agreement on 110 Brownlee places the liability on Mr. Broussard. Ms. Lyles relied on La.R.S. 9:3221. The trial court agreed with Shelter and granted the motion for summary judgment dismissing Ms. Lyles as owner of 110 Brownlee and her insurer, Shelter. The trial court maintained the claim against Ms. Lyles, as owner/lessor of 108 Brownlee, and her insurer, Allstate.

The Owens appeal asserting the trial court erred because there are disputed issues of material fact as to the location of the hole, and under La.Civ. Code art. 2695, Ms. Lyles, as lessor, has a responsibility to remedy any unreasonably dangerous condition on the premises leased to and/or commonly used by the Owens. Further, the Owens assert the trial court erred in finding as a matter of law Ms. Lyles was absolved of all liability based on the terms of the lease with Mr. Brousssard. We agree and reverse the judgment of the trial court granting summary judgment in favor

of Shelter and Ms. Lyles as owner of 110 Brownlee.

## LAW AND DISCUSSION

Ms. Lyles, as lessor, is responsible under La.Civ.Code art. 2695 for any unreasonably dangerous condition on the leased premises. At the time of the accident, La.Civ. Code art. 2695 provided as follows:

> The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.

Ms. Lyles and Shelter assert because the hole is not located on the premises leased to the Owens, but on property leased to Mr. Broussard, Ms. Lyles has no liability for injury to Mr. Owens under this provision. We find there is a serious factual dispute as to the location of the hole and the use of the property by each of the tenants. In fact, a survey and inspection of the area of the hole indicated that a portion of the hole was located on 110 Brownlee and a portion was on 108 Brownlee. The testimony of both Mr. Broussard and the Owens confirm that the land area between 108 and 110 Brownlee was not clearly attributed by use to either lessee and both parties cut the grass and used the common area. Ms. Lyles testified her belief was that the box was "right in the center" of the common area between the two properties. We find the trial court erred in finding no dispute that the hole was located entirely on the premises of 110 Brownlee.

Shelter and Ms. Lyles assert, as a matter of law, if the hole is located on 110 Brownlee, Mr. Broussard, as lessee, not Ms. Lyles, is responsible for any defect in the property and is liable for injury to individuals using the common area. Shelter and Ms. Lyles relies on the following lease provision:

3

The provisions of La.R.S. 9:3221 shall apply to this lease. Accordingly, lessee assumes responsibility for this condition of the leased premises and Lessor shall not be liable for injury caused by any defect in the leased premises to the lessee or anyone on the premises who derives his right from the lessee, unless Lessor knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.

However, in order to shift liability to the lessee for property defects, the parties must clearly agree to the transfer of liability. *See McKnight v. McCastle*, 04-2437 (La.App. 1 Cir. 12/22/05), 928 So.2d 45, *writ denied*, 06-205 (La.4/24/06), 926 So.2d 548. Although the statutory warranty against vices and defects may be dispensed with as a condition of a lease and are not against public policy, to be effective, such waiver must be written in clear and unambiguous terms, contained in a written contract and brought to the attention of the lessee or explained to him. *Walnut Equipment Leasing Co., Inc. v. Moreno*, 26,004 (La.App. 2 Cir. 9/21/94), 643 So.2d 32; *Smith v. Kaye's Foodmarket*, 38,518 (La.App. 2 Cir. 5/19/04), 874 So.2d 395, *writ denied*, 04-1560, 04-1498 (La. 10/1/04), 883 So.2d 992, 1008 . In the present case, there was no evidence presented that Mr. Broussard was fully aware when he signed the residential lease that he was assuming all liability for injury to his neighbor caused by a condition in the common area. We find the trial court erred in finding, as a matter of law, Ms. Lyles and Shelter, is absolved of all potential responsibility to the Owens based on the terms of the lease with Mr. Broussard on 110 Brownlee. Accordingly, we reverse the decision of the trial court granting the summary judgment dismissing Ms. Lyles, as to 110 Brownlee, and her insurer, Shelter Mutual Insurance Company.

**DECREE**

Based on the foregoing review of the record, we reverse the judgment of the trial court granting summary judgment in favor of Cathy Lyles, as to 110 Brownlee,

4

and her insurer, Shelter Mutual Insurance Company.  All costs of this appeal are assessed to Shelter Mutual Insurance Company and Cathy Lyles.

**REVERSED.**