874 So.2d 395 (2004)
Glenda Poole SMITH, Plaintiff-Appellant,
v.
KAYE'S FOOD MARKET, et al, Defendants-Appellees.
No. 38,518-CA.
Court of Appeal of Louisiana, Second Circuit.
May 19, 2004.
*396 Hudson, Potts & Bernstein, by Brian P. Bowes, D. Brian Allen, for Appellant.
McKeithen, McKeithen & Bohman, by Martin S. Bohman, Davenport, Files & Kelly, by W. David Hammett, for Appellees.
Before BROWN, PEATROSS, and DREW, JJ.
BROWN, C.J.
On March 17, 2002, petitioner, Glenda Poole Smith, was driving through the parking lot of Kaye's Food Market in Columbia, Louisiana, when she struck a pothole. Ms. Smith claimed personal injuries as a result of the accident.
On March 6, 2003, Ms. Smith filed a petition, alleging negligence on the part of the lessee, Kaye's Food Market, and its insurer, United Fire & Casualty Company, and the alleged owner/lessor, the Estate of John J. McKeithen, and as the legal representative of the McKeithen estate, Marjorie Ann McKeithen. The Estate of John J. McKeithen and Marjorie Ann McKeithen responded with a motion for summary judgment, alleging that the estate did not own the property in question on the date of loss. They claimed that the property was owned by Edna Tingle and Marjorie Funderburk McKeithen, the surviving wife of the deceased John J. McKeithen. Edna Tingle was the longtime secretary for Governor McKeithen, who left her his one-half interest in this particular piece of community property.
On May 27, 2003, Kaye's Food Market filed an answer to the petition denying liability, as well as a third party demand against Edna Tingle, Marjorie Funderburk McKeithen, and Marjorie Ann McKeithen and Walter Fox McKeithen as testamentary co-executors of the Estate of John J. McKeithen. On June 24, 2003, plaintiff filed a supplemental petition, naming as additional defendants Edna Tingle, Marjorie Funderburk McKeithen and Walter Fox McKeithen as co-executors of the Estate of John J. McKeithen.
On August 29, 2003, Edna Tingle and Marjorie Funderburk McKeithen filed exceptions of prescription as they were not named as defendants until more than one year after the alleged accident, and Walter Fox McKeithen filed a motion for summary judgment, averring that the Estate of John J. McKeithen did not own the property in question at the time of the alleged loss. On September 17, 2003, Marjorie Ann McKeithen filed a motion to quash a subpoena duces tecum and a motion for protective order, as plaintiff attempted to obtain banking records of the Estate of John J. McKeithen. We note that this case clearly demonstrates the hazards of waiting until the last moment to file a legal action.
On September 29, 2003, Kaye's Retail Group, LLC, and its insurer, United Fire & Casualty Company, filed a motion for summary judgment, alleging that Kaye's was leasing the property and that the owner/lessor of the property was responsible for the maintenance of the parking lot. This motion, along with all of the other motions and exceptions filed, was set for hearing on October 15, 2003. On October 14, 2003, plaintiff filed oppositions to the several motions and exceptions. The plaintiff also filed a motion to compel, alleging that several of the defendants failed to comply with discovery. At the hearing, the trial judge granted the exceptions of prescription, the motions for summary judgment, and the motions to quash and *397 for protective order. Plaintiff appeals that judgment. For the following reasons, we affirm in part and reverse in part.

Discussion
Kaye's Retail Group's Motion for Summary Judgment
Summary judgment is appropriate when there are no material facts at issue and no legal duty exists. Mixon v. Davis, 31,725 (La.App.2d Cir.03/31/99), 732 So.2d 628.
La. R.S. 9:3221 states:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
In order for a lessor/owner to shift liability to the lessee for property defects, the parties must agree to the transfer in liability.
A 1983 written lease executed by John J. McKeithen and McLemore's Wholesale and Retail Stores contained a provision placing responsibility on the owner/lessor for the maintenance of the parking lot. After this lease term had expired, Kaye's Grocery took over the lease through McLemore's bankruptcy proceedings. A written lease was never executed between Kaye's and McKeithen. Therefore, there is no evidence that Kaye's, the lessee, ever assumed responsibility for the parking lot. Plaintiff failed to produce any evidence showing that Kaye's was responsible for the parking lot. The motion for summary judgment by Kaye's and United Fire & Casualty Company was appropriately granted.
Estate's Motions
The other motions for summary judgment in this case concern the Estate of John J. McKeithen and its succession representatives, Marjorie Ann McKeithen and Walter Fox McKeithen. In filing their motions, defendants attached a Judgment of Possession of Particular Legacies, which was issued prior to the date of the accident, wherein Edna Tingle was placed in possession of the decedent's undivided one-half interest in the property in question. Marjorie Funderburk McKeithen, the surviving spouse of John J. McKeithen, was recognized as the owner of an undivided one-half interest as this was community property. Faced with the Judgment of Possession, plaintiff was unable to provide any evidence that the estate had any ownership interest.
Plaintiff attempted to imply that the estate maintained an interest in the property by continuing to accept rents and by paying for insurance on the property after the Judgment of Possession.[1] Plaintiff also complains that her discovery requests to the estate defendants went unanswered. After the estate filed for summary judgment, Interrogatories and Requests for Production of Documents were propounded to Edna Tingle and Marjorie Funderburk McKeithen. Also, a Notice of Records Deposition served on Citizens Progressive Bank requesting bank records of the estate was filed.
We agree with the trial judge that these discovery requests were late, having been filed only after the motions for summary judgment and exceptions of prescription were lodged. Their purpose, however, was to explore questions that would impact on the issue of prescription, and it was within *398 the trial court's discretion to require that they be answered before the hearing on the summary judgment motions. Even so, it is not seriously disputed that the property was not owned by the estate, but by Edna Tingle and the widow, Marjorie Funderburk McKeithen. Thus, the summary judgment motion was properly granted as to the estate of John J. McKeithen and the co-executors.
Exceptions of Prescription
Defendants Edna Tingle and Marjorie Funderburk McKeithen filed exceptions of prescription, based on the fact that plaintiff did not name them as defendants until after one year had passed from the date of the accident. In opposition to these exceptions, plaintiff claims that the suit against Edna Tingle and Marjorie Funderburk McKeithen relates back to the original suit against the estate. Plaintiff cites Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), Sutton v. Short Stop Hamburger, 31,841 (La.App.2d Cir.05/05/99), 737 So.2d 157, and Cohen v. Brookshire Bros., Inc., 01-1159 (La.App. 3d Cir.06/05/02), 819 So.2d 429, and argues that as she intended to sue the responsible party or parties, her petition should relate back.
In this case, neither Edna Tingle nor Marjorie Funderburk McKeithen was named as a third-party defendant or defendant until two and three months after the one-year prescriptive period for torts had run. Plaintiff, however, named the estate from which Edna Tingle derived her ownership. The widow McKeithen was an undivided one-half owner with the estate at the time of death, as this was community property. There exist questions of material fact as to whether the estate paid the insurance on behalf of these owners as well as managed the property for them. We further note that the original defendant, Majorie Ann McKeithen, is an attorney whose law firm represented the estate, its executors, Edna Tingle, and the widow McKeithen.
New plaintiffs and defendants may be added by amended pleadings if the applicable criteria are met. Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985); Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983); In re Gaines v. Bruscato, 30,340 (La.App.2d Cir.04/08/98), 712 So.2d 552, writ denied, 98-1272 (La.06/26/98), 719 So.2d 1059.
An amendment adding or substituting a party relates back to a timely filed petition if: (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original petition; (2) the substitute defendant received notice of the institution of the action such that he will not be prejudiced in preparing and conducting his defense; (3) the substitute defendant knows or should know that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and (4) the substitute defendant is not a wholly new or unrelated defendant. La. C.C.P. art. 1153; Giroir, supra; Ray, supra; Thomas v. Connolly, 31,447 (La.App.2d Cir.01/20/99), 726 So.2d 1052.
The doctrine of relation back of amended pleadings should be liberally applied, particularly in the absence of prejudice. (Emphasis added). Giron v. Housing Authority of Opelousas, 393 So.2d 1267 (La.1981); Gaines, supra. Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the additional or supplemental parties, amendment should be allowed. Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980); Russland Enterprises, Inc. v. *399 City of Gretna, 98-676 (La.App. 5th Cir.01/26/99), 727 So.2d 1223.
This court in Strouse v. M & M Properties, 32,792 (La.App.2d Cir.03/03/00) 753 So.2d 434, 441-442 wrote the following:
Applying the four-part test set forth in Ray, supra, we find no merit to defendants' argument. First, plaintiff's amended claim against Lamayo arose out of the October 23, 1994, accident for which she sought redress in the original, timely filed petition. Second, the amended petition merely sought to name the party who owned and operated the trailer park; this party clearly received timely notice through Mr. Martin. Third, Lamayo should have known that, but for the misnaming of Alpha Mobile Home Park as a defendant in the original petition, the initial claim would have been brought against it. Finally, Lamayo is not a wholly new or unrelated defendant. As noted above, suit was initially filed against Alpha Mobile Home Park. In discovery, Mr. Martin indicated that Alpha Mobile Home Park was not a legal entity without further disclosing the entity or person(s) which actually owned the property. At trial, Mr. Martin confirmed that the only property owned by Lamayo is Alpha Mobile Home Park and a number of trailers located thereon. This situation is analogous to Ray, supra, wherein the first named defendant was Alexandria Mall, also a non-existent legal entity, and the proper named defendant was a partnership which did business as Alexandria Mall.
In the instant case, defendants did not answer discovery. The original petition alleged that the premises were owned by the Estate of John J. McKeithen, from which Edna Tingle had derived her ownership. As noted previously, the widow McKeithen's ownership represented her one-half interest in community property. Another of the original defendants was the executor of the estate and the granddaughter of the McKeithens. She is an attorney, and her firm represents all of the McKeithen parties as well as Edna Tingle. Her firm placed Ms. Tingle in possession of the undivided one-half interest of John J. McKeithen and recognized the widow as the owner of the other one-half undivided interest. Further, the unanswered discovery may have disclosed that the estate continues to manage the property.
The claim against the new defendants is factually the same. Both Edna Tingle and Mrs. McKeithen were represented by an attorney, who, as an executor of the McKeithen estate, was named as a defendant in the initial action. There was notice, and no prejudice existed in preparing and conducting a defense. The owner's attorney knew immediately that the wrong entity or parties were sued. Both Edna Tingle and the widow were closely related to John J. McKeithen and his estate, as they both derived their property interest through the estate. The particular factual circumstances of this case, including the actions and inaction of the parties, satisfy the fourth criterion of Ray which requires that the substituted defendant not be a wholly new or unrelated defendant. See Montminy v. Jobe, 600 So.2d 121 (La.App. 2d Cir.1992), writ denied, 604 So.2d 1003 (La.1992), and cases cited therein. Therefore, we reverse the trial court's granting of the exception of prescription.

Conclusion
We affirm in part and reverse in part. Cost to be divided equally between plaintiff and the owners/lessors.
DREW, J., concurring with written reasons.
*400 DREW, J., concurring.
Our ruling is correct. I write to emphasize the twin follies of:
 waiting until the last moment to file a suit; and
 failing to give the public records at least a cursory glance.
In overruling the exception, we are following the Ray, supra, checklist, and we are being consistent with the methodology of our recent rulings,[2] some of which have reached different results in following the Ray guidelines. I respectfully concur, with these comments.
NOTES
[1] We note, however, that on the date of the accident the liability insurance had lapsed.
[2] Jackson v. Medical Transportation, Inc., 38,032 (La.App.2d Cir.3/3/04), 867 So.2d 895; Huffman v. Goodman, 34,361 (La.App.2d Cir.4/4/01), 784 So.2d 718, writ denied, XXXX-XXXX (La.6/22/01), 794 So.2d 791; and Hunsucker v. Global Business Furniture, 33,972 (La.App.2d Cir. 1/15/00), 768 So.2d 698, writ denied, XXXX-XXXX (La. 12/15/00), 777 So.2d 1235. See also, Reese v. State, Department of Public Safety and Corrections, XXXX-XXXX (La.2/20/04), 866 So.2d 244.