920 So.2d 404 (2006)
ALLSTATE INSURANCE COMPANY as Subrogee of Gail Keith, Plaintiff-Appellant,
v.
DOYLE GIDDINGS, INC., and ABC Insurance Company, Defendants-Appellees.
No. 40,496-CA.
Court of Appeal of Louisiana, Second Circuit.
January 25, 2006.
*405 William M. Blackston, Charles E. Riley, IV, New Orleans, for Appellant.
Bienvenu, Foster, Ryan & O'Bannon, by Kenneth B. Givens, John W. Waters, Jr., New Orleans, for Appellees, Ouida Giddings, Norma D. Giddings, Lloyd's of London.
John Q. Davis, for Appellee, Doyle Giddings, Inc.
Before BROWN, WILLIAMS, and DREW, JJ.
BROWN, C.J.
This is a subrogation action filed by Allstate Insurance Company seeking reimbursement for $26,486.93 to its insured, Gail Keith, under a renter's policy. The action was filed on March 30, 2004, exactly one year after a fire occurred in the home Ms. Keith was renting. The fire allegedly was the result of an electrical defect.
Named as defendants in the original petition filed by Allstate were Doyle Giddings, Inc., ("DGI"), alleged to be the owner of the rental property, and an unknown insurance company identified simply as "ABC Insurance Company." DGI is a Louisiana corporation; Norman D. and Ouida S. Giddings are the sole shareholders, officers, and directors of the corporation. Both the Giddings and the corporation share the same domiciliary address: 4830 Highway 71, Coushatta, Louisiana, 71019. On April 21, 2004, DGI filed an answer in which it denied that it was the owner/lessor of the property. Allstate then propounded interrogatories to DGI to ascertain the identities of the actual owner(s) of the property and the insurer of the property. DGI's response identified Norman D. and Ouida S. Giddings as the owners and Audubon Insurance Company ("Audubon") as their insurer. DGI's response was verified by Ouida S. Giddings.
On June 11, 2004, with leave of court, Allstate filed a supplemental and amending *406 petition adding as defendants Norman D. Giddings, Ouida S. Giddings, and Audubon, their liability insurer. On October 18, 2004, after discovering that the Giddings' liability insurer for the property in question was not Audubon as they had asserted in their answer but was Lloyd's of London, Allstate filed, with leave of court, a second supplemental and amending petition adding Lloyd's as a defendant. Audubon was dismissed as a defendant in the action. The Giddings and Lloyd's then filed an answer generally denying the allegations of the second supplemental and amending petition and exceptions of no cause of action, no right of action, and prescription.
On March 14, 2005, the Giddings and Lloyd's filed another exception of prescription, asserting that Allstate's original petition was insufficient to interrupt prescription as to both the Giddings and Lloyd's, who were not added as defendants until well after the one-year prescriptive period had run. Attached to the exception was an affidavit executed by the Giddings in which they attested to the fact that they were the owners of the property leased by Ms. Keith and that at no time did DGI have an ownership interest in the property. They further asserted that they were not aware that they were being individually sued until more than two months after the original proceedings were filed on March 30, 2004.
The trial court granted the exception of prescription. A judgment to this effect dismissing Allstate's action was signed on April 28, 2005. The instant appeal ensued. We reverse and remand.

Discussion
It is Allstate's position that the trial court erred in granting defendants' exception of prescription and dismissing its action because the amending and supplemental petition naming the Giddings as defendants, although filed after the prescriptive period had run, relates back to the timely filed original petition.
The relation back of pleadings is governed by La. C.C.P. art. 1153, which provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original petition.
Article 1153 attempts to strike a balance between a plaintiff's right to proceed against the correct defendant and the defendant's right to be free from stale and prescribed claims. Morgan v. Investment Cars Unlimited, Inc., 37,052 (La.App.2d Cir.04/09/03), 843 So.2d 580; Hunsucker v. Global Business Furniture, 33,972 (La. App.2d Cir.09/27/00), 768 So.2d 698, writ denied, 00-3013 (La.12/15/00), 777 So.2d 1235; Fortenberry v. Glock, Inc. (USA), 32,020 (La.App.2d Cir.06/16/99), 741 So.2d 863.
New plaintiffs and defendants may be added by amended pleadings if the applicable criteria are met. Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985); Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983); Smith v. Kaye's Food Market, 38,518 (La.App.2d Cir.05/19/04), 874 So.2d 395, writs denied, 04-1560, 04-1498 (La.10/01/04), 883 So.2d 992, 1008; Gaines v. Bruscato, 30,340 (La. App.2d Cir.04/08/98), 712 So.2d 552, writ denied, 98-1272 (La.06/26/98), 719 So.2d 1059.
An amendment adding or substituting a party relates back to a timely filed petition if: (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original petition; (2) the substitute defendant received *407 notice of the institution of the action such that he will not be prejudiced in preparing and conducting his defense; (3) the substitute defendant knows or should know that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and (4) the substitute defendant is not a wholly new or unrelated defendant. La. C.C.P. art. 1153; Renfroe v. State through Department of Transportation and Development, 01-1646 (La.02/26/02), 809 So.2d 947; Ray, supra; Smith, supra.
The doctrine of relation back of amended pleadings should be liberally applied, particularly in the absence of prejudice. Giron v. Housing Authority of City of Opelousas, 393 So.2d 1267 (La.1981); Smith, supra; Morgan, supra; Hunsucker, supra.
Applying the four-part test set forth above, we find the following:
(1) It is not disputed that the claim asserted in Allstate's amending petitions, which added the Giddings and their insurer as defendants, arises out of the same transaction or occurrence set forth in the original pleading, i.e., a subrogation claim seeking reimbursement for damages paid to Allstate's insured, Ms. Keith, as a result of the fire that occurred in her leased home.
(2) A fundamental purpose of prescriptive statutes is to protect defendants from stale claims and from the loss or non-preservation of relevant proof. Id. While designed to protect a defendant against prejudice from lack of notification of a claim within the period of limitation, prescriptive statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period. Giroir, supra.
The record is clear that the Giddings had prior notice of the suit such that there is no way they would be prejudiced in preparing their defense. At the hearing on the exceptions, their attorney admitted that the Giddings are the sole directors, officers, and shareholders of DGI. Furthermore, after DGI denied being the owner of the property leased by Ms. Keith, it was Ouida S. Giddings who attested to the veracity of the corporation's responses to Allstate's interrogatories requesting the identity of the true owner.
(3) Obviously, the Giddings knew or should have known that Allstate, as subrogor to its insured's rights against the owner and lessor of the property which was damaged by fire, intended to seek subrogation for the amounts it paid to its insured. Allstate simply erred in naming the correct owner of the property. There is no assertion of a new cause of action which would have otherwise prescribed.
(4) For an amendment to relate back, there must be an identity of interest between the original and new defendants. An identity of interest has been found between a parent corporation and a wholly owned subsidiary, as well as between corporations with interlocking officers. See Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990). The relationship must be such that there is an inference of notice. Hardy v. A + Rental Inc., 95-2176 (La. App. 4th Cir.05/08/96), 674 So.2d 1155, writ denied, Hardy on Behalf of Hardy v. A + Rental Inc., 96-1945 (La.11/01/96), 681 So.2d 1268.
We find that the Giddings are not entirely new and unrelated defendants from DGI. As the sole shareholders, officers, and directors of DGI, clearly the Giddings are involved with the day-to-day operations of the corporation. In fact, the couple shares a domiciliary address with the corporation. There is more than a sufficient *408 identity of interest between the Giddings and DGI from which to impute knowledge of the claim and lawsuit.

Conclusion
For the reasons set forth above, the judgment of the trial court is REVERSED and the exception of prescription is overruled. The matter is hereby REMANDED to the trial court for further proceedings on the merits. Costs of this appeal are to be paid by defendants-appellees, Norman D. and Ouida S. Giddings, and Lloyd's of London.