STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-140


FRED BULLIARD

VERSUS

THE CITY OF ST. MARTINVILLE, ET AL.



**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 79676
HONORABLE VINCENT J. BORNE, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.


AFFIRMED.

Harry K. Burdette
The Glenn Armentor Law Corporation
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLANT:
     Fred Bulliard

**James D. "Buddy" Caldwell**
**Attorney General**
**Laura Putnam**
**Assistant Attorney General**
**556 Jefferson Street, 4th Floor**
**Lafayette, LA 70502**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **State of Louisiana, through the**
     **Department of Transportation and Development**

**PETERS, J.**

The plaintiff, Fred Bulliard, appeals a trial court judgment sustaining an exception of prescription in favor of the defendant, the State of Louisiana, through the Department of Transportation. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

On November 24, 2011, Fred Bulliard sustained serious personal injuries when the wheel of his bicycle struck an elevated drain culvert in St. Martinville, Louisiana. He subsequently brought a suit to recover damages for the injuries he sustained, naming the City of St. Martinville (City) and Louisiana Municipal Risk Management Agency Group (Louisiana Municipal Risk) as defendants. [1] Thereafter, the City answered the petition denying liability, and Louisiana Municipal Risk responded by filing a peremptory exception of no cause of action.

On January 4, 2013, the City filed a motion for summary judgment wherein it asserted that the responsibility for the sidewalk on which the accident occurred lay with the State of Louisiana, because it was located within the highway right of way. Six days later, on January 10, 2013, Mr. Bulliard filed a supplemental and amending petition naming the State of Louisiana, through the Department of Transportation (DOTD), as an additional defendant. By a judgment dated April 16, 2013, the trial court dismissed the City and Louisiana Municipal as defendants in the litigation. [2]

DOTD responded to Mr. Bulliard's suit on May 21, 2013, by filing a peremptory exception of prescription. Following a hearing, the trial court granted DOTD's exception and dismissed Mr. Bulliard's suit. The trial court executed a

---

[1] Louisiana Municipal Risk Management Agency Group was erroneously referred to in the petition as Risk Management, Inc.

[2] The dismissal was also granted as to Risk Management, Inc.

written judgment to this effect on August 27, 2013, and, thereafter, Mr. Bulliard perfected this appeal. In his one assignment of error, Mr. Bulliard asserts that the trial court erred in granting DOTD's prescription exception.

## OPINION

In *Dugas v. Bayou Teche Water Works*, 10-1211, pp. 4-5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 829-30, we reviewed the law pertaining to the exception of prescription:

> The peremptory exception of prescription is provided for in La.Code Civ. P. art. 927(A)(1). When the exception of prescription is tried before the trial on the merits, "evidence may be introduced to support or controvert [the exception] when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 931.

> > When an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription. *Lima v. Schmidt*, 595 So.2d 624, 628 (La.1992). However, if prescription is evident on the face of the pleadings, as it is in the instant case, the burden shifts to the plaintiff to show the action has not prescribed. *Id.*; *Younger v. Marshall Ind., Inc.*, 618 So.2d 866, 869 (La.1993); *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La.1993).

> *Eastin v. Entergy Corp.*, 03-1030, p. 5 (La.2/6/04), 865 So.2d 49, 54.

> If evidence is introduced, the trial court's findings of fact are then subject to a manifest error analysis. *London Towne Condo. Homeowner's Ass'n v. London Towne Co.*, 06-401 (La.10/17/06), 939 So.2d 1227. If no evidence is introduced, then the reviewing court simply determines whether the trial court's finding was legally correct. *Dauzart v. Fin. Indent. Ins. Co.*, 10-28 (La.App. 3 Cir. 6/2/10), 39 So.3d 802.

At the hearing on the exception, DOTD introduced no evidence in support of its exception because prescription was evident on the face of the petition in that Mr. Bulliard failed to join it as a defendant within one year from the date of the accident giving rise to his claim for damages. Thus, the burden shifted to Mr. Bulliard to prove that his claim had not prescribed. In attempting to meet his burden of proof, Mr. Bulliard introduced three documents into evidence.

2

The first document introduced is a January 3, 2012 letter from the City's claims adjustor to Mr. Bulliard, which states:

Dear Mr. Bulliard,

After careful investigation and evaluation of the facts of the accident, we have determined that the City of St. Martinville was not liable for damages resulting from this accident.

However, the City of St. Martinville has a med-pay provision that allows payment up to $1,000.00 in related documented medicals. You may forward this information for our consideration to the above address.

The second document is an April 28, 2012 letter from Mr. Bulliard's counsel to the claims adjustor, informing him of counsel's representation, reiterating the facts of the accident, and requesting the exchange of any and all reports or information that the City might possess in relation to this accident. The third document is a September 6, 2012 letter from the same claims adjuster to Mr. Bulliard's counsel which is basically a repeat of the January 3, 2012 letter.

Louisiana Code of Civil Procedure Article 1153 provides with regard to amended petitions, "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." However, the jurisprudence has provided a caveat to the application of La.Code Civ.P. art. 1153.

In *Ray v. Alexandria Mall*, 434 So.2d 1083, 1086-87 (La.1983) (alteration in original), the supreme court stated:

In reviewing the instant case, we have found that the defendants have engaged in a smokescreen of legalistic maneuvering in order to dodge judicial resolution of the merits of the plaintiff's claim. As eloquently stated by the late Henry McMahon, one of the chief redactors of the new Louisiana Code of Civil Procedure, "The new code embodies procedural rules designed to permit the trial of a case to serve as [the] search for the truth, and to have [the] decision based on the substantive law applicable, rather than upon technical rules of

3

procedure." Amendment of pleadings plays a central role in assuring that the pleadings are not an end in themselves, but only the means of properly presenting the case for full judicial resolution on the merits. See Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211 (1969); *also* McMahon, The Louisiana Code of Civil Procedure, 21 La.L.Rev. 1, 21 (1960); *cf. Baker v. Payne and Keller of Louisiana, Inc.*, 390 So.2d 1272 (La.1980) as discussed in n. 5, *supra*. The express purpose of arts. 934 and 1153 is to allow amendment of the petition to remove the grounds for the peremptory exception whenever possible and where dismissal of the suit should not be in the interests of justice. La.C.C.P. arts. 934, 1153, official revision comments; *cf. Reeves v. Globe Indemnity Co. of New York*, 185 La. 42, 168 So. 488 (1936); *Hodges v. LaSalle Parish Police Jury*, 368 So.2d 1117 (La.App. 2nd Cir.1979).

In keeping with these precepts, we establish the following criteria for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:

>    (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;

>    (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

>    (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;

>    (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

Mr. Bulliard argues that the trial court erred in granting the exception of prescription because his amended petition relates back to the date he filed his original petition or, in the alternative, because the doctrine of *contra non valentem* suspended the running of prescription against him.

In support of his first argument, Mr. Bulliard relies on a factually similar case, *Findley v. City of Baton Rouge*, 570 So.2d 1168 (La.1990), in which the

4

supreme court held that the plaintiff's amended petition, naming the Baton Rouge Recreation and Park Commission (BREC) as defendant, related back to the filing date of his original petition against the City of Baton Rouge. Although BREC was a separate legal entity, the supreme court held that the relationship between the two was similar to the relationship between a parent corporation and its wholly separate subsidiary. After finding a very close relationship between BREC and the City of Baton Rouge and an absence of prejudice to BREC in maintaining a defense, the supreme court held that the notice of suit against the city served as notice of suit against BREC, thus satisfying the second and fourth criteria enunciated in *Ray*. It further found that the third criteria was satisfied because BREC either knew or should have known that but for the mistaken identity resulting from the connexity between the two, suit would properly have been instituted against it.

In this instance, Mr. Bulliard argues that this matter involves closely related governmental entities since St. Martinville is a political subdivision of the state. Although he admits that St. Martinville is technically a separate legal entity, as was BREC to the City of Baton Rouge, he argues that St. Martinville's powers exist solely at the discretion of the state and, as an agency of the state, it is wholly subordinate to the state. *Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362 (1964).

We find no merit in this argument. In a traffic-death suit, the supreme court held that the plaintiff's amended petition against a parish road district and a city expressway commission did not relate back to his original petition against DOTD because the later named defendants were new and wholly unrelated to DOTD and because they received no notice within the one-year prescriptive period. *Renfroe v. State ex rel. Dep't of Transp. & Dev.*, 01-1646 (La. 2/26/02), 809 So.2d 947. In so holding, the supreme court stated:

As we stated in *Giroir v. South Louisiana Medical Center, Div. of Hospitals*, 475 So.2d 1040[, 1045] (La.1985):

> The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period.

*Id.* at 951.

The supreme court further held that there were no "identity of interests" between DOTD and the later named defendants as the "relationship between DOTD and these other defendants has none of the components of a parent corporation and wholly owned subsidiary relationship as was found" in *Findley*. *Id.* at 952. It further held that the fourth criteria from *Ray* was not satisfied:

> As we held in *Findley*, the *Ray* criteria seek "to prevent injustice to plaintiffs who mistakenly named an incorrect defendant, at least when there was no prejudice to the subsequently named correct defendant . . . [;] the rule however [does] not apply when the amendment sought to name a new and unrelated defendant." *Findley, supra* at 1170 (citing *Giroir, supra*); *see also Newton v. Ouachita Parish School Bd.*, 624 So.2d 44 (La.App. 2 Cir.1993) (holding that where plaintiff timely sued the Ouachita Parish School Board ("OPSB"), mistakenly believing that OPSB supervised and controlled the school where the tortious incident occurred, and then filed an untimely petition naming the Monroe City School Board ("MCSB") as the proper party, the court held that the purpose of plaintiff's amended petition was to name a wholly new defendant and not to merely correct a misnomer, such that suit against the MCSB had prescribed under *Ray*).

*Id.* at 952-53 (alteration in original).

Here, as in *Renfroe*, we find that there is no evidence establishing an identity of interests or a connexity between the City and DOTD such that notice to the City would serve as notice to DOTD. *See Levingston v. City of Shreveport*, 44,000 (La.App. 2 Cir. 2/25/09), 4 So.3d 942, *writ denied*, 09-673 (La. 5/15/09), 8 So.3d

586. Based on his failure to satisfy the second and fourth *Ray* criteria, we find that Mr. Bulliard's supplemental and amending petition fails to relate back to the date of filing of his original petition.

Nor do we find any merit in Mr. Bulliard's argument that the doctrine of *contra non valentem* applies in this instance to suspend the running of prescription against him. Although the jurisprudence has recognized four factual situations in which this doctrine applies, Mr. Bulliard only relies on the fourth: "where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant." *Carter v. Haygood*, 04-646, pp. 11-12 (La. 1/19/05), 892 So.2d 1261, 1268.

Mr. Bullard argues that *contra non valentem* should apply to him because he relied on misrepresentations the City made in its letters which led him to believe that it was the defendant responsible for the culvert. He claims that he could not know that DOTD was the proper defendant until the City filed its motion for summary judgment, and he argues that he should not be punished for relying on the City's misleading conduct.

The supreme court addressed a similar argument in *Renfroe*, 809 So.2d 947, regarding the same *contra non valentem* situation. There, the court stated:

> However, the doctrine of *contra non valentem* only applies in "exceptional circumstances." La. C.C. art. 3467, Official Revision Comment (d); *State ex rel. Div. of Admin. v. McInnis Brothers Construction, Inc.*, 97-0742 (La.10/21/97), 701 So.2d 937, 940. In fact, when this Court first officially recognized this fourth type of situation where *contra non valentem* applies, we specifically clarified that "[t]his principle will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own wilfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned." *Corsey v. State of Louisiana, Through the Department of Corrections*, 375 So.2d 1319, 1322 (La.1979) (citing *Cartwright v. Chrysler Corp.*, 255 La. 597, 598, 232 So.2d 285 (1970); *Sumerall v. St. Paul Fire & Marine Ins. Co.*, 366 So.2d 213 (La.App. 2 Cir.1978)).

7

While it is indeed unusual that different unrelated parties would own and maintain different portions of one roadway, the fact that the portion of the roadway was owned by some party other that the DOTD was "reasonably knowable" by the plaintiff within the prescriptive period. Thus, the doctrine of *contra non valentem* does not apply in this case.

*Id.* at 953-54.

We agree with this finding. The fact that the culvert was the responsibility of DOTD rather than the City was reasonably knowable by Mr. Bulliard within the one-year prescriptive period commencing with his accident. Accordingly, we find that the facts presented here do not rise to the exceptional circumstances necessary for the application of *contra non valentem*.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment granting the exception of prescription and dismissing Fred Bulliard's claims against the State of Louisiana, through the Department of Transportation and Development. We assess all costs of this appeal to the plaintiff, Fred Bulliard.

**AFFIRMED.**