# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-456

ALEXIS HUNT, GENAE HUNT INDIVIDUALLY,
AND AS NATURAL TUTRIX OF HER MINOR
CHILDREN, GEKIRA HUNT AND JAKALYN HUNT

VERSUS

LOUISIANA MUNICIPAL RISK MANAGEMENT AGENCY

\*\*\*\*\*\*\*\*\*\*\*\*

SUPERVISORY WRIT FROM THE
TWELTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2013-9283-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

ON REMAND FROM THE
LOUISIANA SUPREME COURT

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, James T. Genovese, Shannon J. Gremillion, and John E. Conery, Judges.

Saunders, J., dissents with written reasons.
Gremillion, J., dissents for the written reasons assigned by Judge Saunders.

**WRIT GRANTED AND MADE PEREMPTORY.**

**Darrel D. Ryland**
**J.B. Treuting**
**Wesley Elmer**
**Danielle A. Soldani-Ryland**
**Stephen C. Ryland**
**Blake E. Ryland**
**Law Office of Darrel D. Ryland**
**Post Office Drawer 1469**
**Marksville, Louisiana 71351**
**(318) 253-5961**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **Alexis Hunt, Genae Hunt Individually,**
    **and as Natural Tutrix of Her Minor Children,**
    **Gekira Hunt and Jakalyn Hunt**

**Steven J. Bienvenu**
**Falgoust, Caviness and Bienvenu**
**Post Office Box 1450**
**Opelousas, Louisiana 70571-1450**
**(337) 942-5812**
**COUNSEL FOR DEFENDANT/RELATOR:**
    **City of Marksville**

**GENOVESE, Judge.**

This case comes before this court pursuant to remand from the Louisiana Supreme Court. Defendant/Relator, the City of Marksville (City), initially applied for supervisory writs with this court to reverse the judgment of the trial court denying its Exception of Prescription. After this court denied the City's writ, the City then applied for a supervisory and/or remedial writ with the Louisiana Supreme Court. The City's writ to the supreme court was granted, and the case was remanded to us "for briefing, argument[,] and opinion." For the reasons that follow, we grant the writ and make it peremptory; we reverse the judgment of the trial court denying the Exception of Prescription; we grant the Exception of Prescription; and, we dismiss the petition of Plaintiffs, Alexis Hunt, Genae Hunt Individually, and as Natural Tutrix of Her Minor Children, Gekira Hunt and Jakalyn Hunt.

## FACTS

On June 21, 2012, Alexis Hunt, Genae Hunt, Gekira Hunt, and Jakalyn Hunt were involved in an automobile accident with a vehicle owned by the City and being operated by Cory Guillot. On May 9, 2013, suit was filed by Plaintiffs, Alexis Hunt, Genae Hunt Individually, and as Natural Tutrix of Her Minor Children, Gekira Hunt and Jakalyn Hunt (collectively Ms. Hunt), against Defendant, Louisiana Municipal Risk Management Agency (LMRMA). Therein, Ms. Hunt alleged that at the time of the accident, Mr. Guillot was operating a vehicle owned by the City while in the course and scope of his employment with the City. LMRMA was alleged to have a policy of insurance that provided coverage to the City, and, according to the petition, LMRMA was being sued

pursuant to La.R.S. 22:655.[1] LMRMA[2] appeared and filed an Exception of No Cause of Action on July 24, 2013.

On July 26, 2013, Ms. Hunt filed a supplemental and amending petition, adding the City as an additional defendant. The City responded with an Exception of Prescription, which it filed on August 26, 2013.

On March 7, 2014, the trial court held a hearing on the Exception of No Cause of Action and the Exception of Prescription. The trial court granted LMRMA's Exception of No Cause of Action and denied the City's Exception of Prescription. Judgment was signed on March 31, 2014, and the City filed an application for supervisory writs with this court on April 25, 2014. Writs were denied by this court on July 18, 2014.

On August 15, 2014, the City applied for writs to the Louisiana Supreme Court. The supreme court granted the City's writ on November 14, 2014, and remanded the matter to this court "for briefing, argument[,] and opinion."

## ISSUE

We must decide whether the trial court erred in denying the City's Exception of Prescription.

## LAW AND DISCUSSION

We note at the outset that the parties disagree on the standard of review to be applied by this court in reviewing the trial court's denial of the City's Exception of Prescription. Ms. Hunt argues that when, as in this case, evidence is introduced at a hearing on an exception of prescription, the factual findings of the trial court are

---

[1]The petition mistakenly cited La.R.S. 22:655 which formally contained the direct action provisions now found in La.R.S. 22:1269.

[2]LMRMA noted that it was improperly named in the petition as Louisiana Risk Management.

2

reviewed under the manifest error or clearly wrong standard of review. *Wimberly v. Blue*, 08-1535 (La.App. 3 Cir. 5/6/09), 11 So.3d 560. To the contrary, the City asserts that this court is not to give deference to the legal conclusion of the trial court and that we are to conduct a de novo review of the trial court's ruling. *Wooley v. Lucksinger*, 09-571 (La. 4/1/11), 61 So.3d 507. We agree with Ms. Hunt.

> In *Dugas v. Bayou Teche Water Works*, 10-1211, pp. 4-5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 829-30, we reviewed the law pertaining to the exception of prescription:
>
> > The peremptory exception of prescription is provided for in La.Code Civ.P. art. 927(A)(1). When the exception of prescription is tried before the trial on the merits, "evidence may be introduced to support or controvert [the exception] when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 931.
> >
> > > When an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription. *Lima v. Schmidt*, 595 So.2d 624, 628 (La.1992). However, if prescription is evident on the face of the pleadings, as it is in the instant case, the burden shifts to the plaintiff to show the action has not prescribed. *Id.*; *Younger v. Marshall Ind., Inc.*, 618 So.2d 866, 869 (La.1993); *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La.1993).
> >
> > *Eastin v. Entergy Corp.*, 03-1030, p. 5 (La.2/6/04), 865 So.2d 49, 54.
> >
> > If evidence is introduced, the trial court's findings of fact are then subject to a manifest error analysis. *London Towne Condo. Homeowner's Ass'n v. London Towne Co.*, 06-401 (La.10/17/06), 939 So.2d 1227. If no evidence is introduced, then the reviewing court simply determines whether the trial court's finding was legally correct. *Dauzart v. Fin. Indent. Ins. Co.*, 10-28 (La.App. 3 Cir. 6/2/10), 39 So.3d 802.

*Bulliard v. City of St. Martinville*, 14-140, p. 2 (La.App. 3 Cir. 6/4/14), 139 So.3d 1269, 1271, *writ denied*, 14-1455 (La. 10/10/14), 151 So.3d 586.

In the instant matter, according to Ms. Hunt's petition, the subject accident occurred on June 21, 2012. Since the supplemental and amending petition adding the City as a defendant was not filed until July 26, 2013, Ms. Hunt bears the burden of proving the interruption of the one year prescriptive period.[3] Additionally, given that evidence was introduced at the hearing on the City's Exception of Prescription, this court must apply the manifest error/clearly wrong standard of review to the trial court's denial of the exception.

The parties and the trial court acknowledge the unique nature of LMRMA, which was created pursuant to La.R.S. 33:1341–La.R.S. 33:1350. However, the trial court's grant of the Exception of No Cause of Action and the dismissal of LMRMA was not appealed and is not before this court. Further, the absence of solidarity between LMRMA and the City is not disputed. Thus, as framed by the City, "[t]he question, therefore, is whether the untimely suit against the City of Marksville somehow relates back to the timely filed suit against a non-viable defendant, when there is no solidarity between the two entities and no joint obligations."

Absent solidarity between the entities, the interruption of prescription as to the claims asserted against the City may still occur by virtue of La.Code Civ.P. art. 1153, which provides that "[w]hen the action or defense asserted in the amended

---

[3]Louisiana Civil Code Article 3492 provides:

Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.

petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." Thus, we must consider whether or not Ms. Hunt's untimely suit against the City relates back to the date suit was timely filed against LMRMA.

In its oral reasons for judgment, the trial court based its analysis on *Allstate Insurance Co. v. Doyle Giddings, Inc.*, 40,496 (La.App. 2 Cir. 1/25/06), 920 So.2d 404, *writ denied*, 06-425 (La. 4/28/06), 927 So.2d 294, and concluded that the supplemental petition adding the City as a defendant related back to the filing of the original petition against LMRMA so as to interrupt the running of the prescriptive period. Notably, the second circuit in that case applied the factors originally set forth by our supreme court in *Ray v. Alexander Mall*, *Through St. Paul Property & Liability Insurance*, 434 So.2d 1083 (La.1983), and reiterated in *Renfroe v. State ex rel. Department of Transportation & Development*, 01-1646 (La. 2/26/02), 809 So.2d 947.

In *Renfroe*, 809 So.2d at 950-51, our supreme court discussed La.Code Civ.P. art. 1153, stating as follows:

> In *Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins.*, 434 So.2d 1083, 1087 (La.1983), this Court established the following criteria for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:
>
>> (1) The amended claim must arise out of the same transaction or occurrence set forth in the original petition;
>>
>> (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

5

(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;

(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

Applying the foregoing criteria to the present case, clearly, the first of the *Ray* factors is present in this case. Both the original and supplemental petition filed by Ms. Hunt arise out of the same June 21, 2012 automobile accident.

The second factor set forth in *Ray* addresses notice and resultant prejudice to the untimely named defendant. In an effort to show that the City had the requisite notice as contemplated by La.Code Civ.P. art. 1153, Ms. Hunt notes first that the City was mentioned in the original petition, was identified as the owner of the adverse vehicle, and was alleged to be vicariously liable for the negligent actions of Mr. Guillot. However, the City was not named as a defendant at that point in the litigation.

Also germane to the issue of notice, Ms. Hunt references deposition testimony that was introduced into evidence. We have reviewed the testimony relied upon by Ms. Hunt, and we find that what is established by this evidence is merely that the City was aware that an accident occurred, that the accident involved a City employee, and that claims[4] were being made. Our supreme court expressly stated in this regard that notice of an accident "is not the same as receiving *notice of the institution of the lawsuit*." *Renfroe*, 809 So.2d at 951 (citing *Ray*, 434 So.2d 1083). There is no evidence that the City received notice of the institution of the lawsuit by Ms. Hunt until service of the amended petition.

---

[4]We note that during questioning of the deponent, the distinction was made between a

6

Therefore, the evidence relied upon by Ms. Hunt fails to satisfy her burden of proof on the second factor delineated in *Ray*.

With respect to the third *Ray* factor, Ms. Hunt argues that "[b]ased on LMRMA's status as indemnifier for the City of Marksville, the City of Marksville knew or should have known that but for a mistake concerning the identity of the defendant, that they would also have been named as a defendant." We find this assertion to be contradictory. On the one hand, in an effort to establish notice on the part of the City, Ms. Hunt contends that her petition "provides several instances of how the City of Marksville is a party liable to plaintiffs for this automobile accident." Yet, these same allegations show that Ms. Hunt was obviously not mistaken about the City's identity. Rather, the identity of the City was unquestionably known at the time the original petition was filed as evidenced by the foregoing allegations. Ms. Hunt specifically asserted that a City employee was involved in the accident while driving a vehicle owned by the City. Despite Ms. Hunt's actual knowledge of the City's identity, she did not name the City as a defendant when suit was initiated only against LMRMA. The reason the City was not named is unknown; however, Ms. Hunt's failure to name the City was not "for a mistake concerning the identity of the proper party defendant[.]" *Renfroe*, 809 So.2d 947. Therefore, we find that Ms. Hunt failed to show that she mistakenly sued the wrong defendant due to mistaken identity as set forth in the third *Ray* factor.

The fourth *Ray* factor requires a consideration of whether the newly added defendant is "a wholly new or unrelated defendant[.]" *Id.* Ms. Hunt argues that the City "is not a wholly new or unrelated party since LMRMA, as indemnifier of

claim and a lawsuit.

7

the City of Marksville, is the party responsible for paying any judgment rendered against the City of Marksville with regards to this automobile accident." Further, she argues that the City and LMRMA have "identity of interest that exists between them[.]" In support of her contention, Ms. Hunt relies upon *Findley v. City of Baton Rouge*, 570 So.2d 1168 (La.1990), and *Allstate Insurance Co. v. Doyle Giddings, Inc.*, 920 So.2d 404, which was referenced by the trial court.

Ms. Hunt posits that according to *Findley:*

> When there is an identity of interests between [the] originally named defendant and [the] party that plaintiff actually intended to sue, an amendment purporting to substitute [the] proper defendant may relate back, **in the absence of prejudice**, on the ground that institution of [the] action against [the] originally named defendant **served to provide notice of litigation to [the] substitute defendant**.

Again, while Ms. Hunt emphasizes and focuses on the question of notice, in so doing, she disregards the opening premise that the untimely added defendant was a "party that plaintiff **actually intended to sue**." (emphasis added).

In *Findley*, a plaintiff, intending to sue the owner of a park where he was injured, filed suit against the City of Baton Rouge, failing to make a distinction between it and the Recreation and Park Commission for the Parish of East Baton Rouge (BREC). Plaintiff later sought to amend its pleadings to add BREC as a defendant, and BREC filed an exception of prescription. The supreme court considered the applicability of La.Code Civ.P. art. 1153 and discussed its source, Fed. R. Civ. P. 15(c), opining that the purpose of relation back is "to prevent injustice to plaintiffs who mistakenly name an incorrect defendant, at least when there was no prejudice to the subsequently named correct defendant. The rule, however, did not apply when the amendment sought to name a new and unrelated defendant." *Findley*, 570 So.2d at 1170 (citing *Giroir v. S. La. Med. Ctr., Div. of*

8

*Hosps.*, 475 So.2d 1040 (La.1985)). Applying the *Ray* factors, the supreme court likened the relationship of the governmental entities to a parent corporation and its subsidiary and found that BREC was not a wholly new or unrelated defendant. Accordingly, the supreme court applied La.Code Civ.P. art. 1153 and allowed the supplemental petition to relate back to the original petition such that the claims against BREC had not prescribed.

    *Allstate Insurance Co. v. Doyle Giddings, Inc.*, 920 So.2d 404, which was also argued by Ms. Hunt and discussed by the trial court, cited *Findley* and the concept of an identity of interests between the original and the new defendants. While we do not disagree with the legal premise discussed in these cases, we find the facts of the present case to be distinguishable. The courts in *Allstate* and *Findley* applied La.Code Civ.P. art. 1153 based upon an identity of interests between an originally named defendant and a defendant that plaintiff **actually intended to sue**. Ms. Hunt has not established that she intended to sue the City. To the contrary, for the reasons more fully explained above, with knowledge that the City owned the vehicle involved in the accident, that the driver was employed by the City, and that LMRMA is the indemnifier of the City, it is apparent that Ms. Hunt intentionally named only LMRMA when suit was originally filed.

    The concept of an identity of interests was later discussed by this court in *Bulliard*, 139 So.3d 1269. Interestingly, in *Bulliard*, the City of St. Martinville and LMRMA were both originally named as defendants. The plaintiff thereafter sought to add the State of Louisiana, through the Department of Transportation and Development (DOTD), as an additional defendant. The DOTD responded with an exception of prescription. Applying the same law and jurisprudence discussed

9

herein, this court found that the amended petition did not relate back to the filing of the original petition, and we affirmed the trial court's grant of the exception of prescription.

In reaching our conclusion in *Bulliard*, 139 So.3d at 1273-74 (emphasis added), this court quoted the following language of our supreme court, which is critical to our present determination:

> As we held in *Findley*, the *Ray* criteria seek "to prevent injustice to plaintiffs who **mistakenly named an incorrect defendant**, at least when there was no prejudice to the subsequently named correct defendant . . . [;] the rule however [does] not apply when the amendment sought to name a new and unrelated defendant." *Findley*, *supra* at 1170 (citing *Giroir*, *supra*); *see also Newton v. Ouachita Parish School Bd.*, 624 So.2d 44 (La.App. 2 Cir.1993) (holding that where plaintiff timely sued the Ouachita Parish School Board ("OPSB"), mistakenly believing that OPSB supervised and controlled the school where the tortious incident occurred, and then filed an untimely petition naming the Monroe City School Board ("MCSB") as the proper party, the court held that the purpose of plaintiff's amended petition was to name a wholly new defendant and **not to merely correct a misnomer**, such that suit against the MCSB had prescribed under *Ray*).

[*Renfroe*, 809 So.2d] at 952-53 (alteration in original).

While we are mindful that "[g]enerally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it[,]" such statues are also "designed to prevent old and stale claims from being prosecuted." *Wells v. Zadeck*, 11-1232, pp. 6-7 (La. 3/30/12), 89 So.3d 1145, 1149. Additionally, La.Code Civ.P. art. "1153 is an attempt to strike a balance between a plaintiff's right to proceed against the correct defendant and the defendant's right to be free from stale and prescribed claims." *Huffman v. Goodman*, 34,361, p. 17 (La.App. 2 Cir. 4/4/01), 784 So.2d 718, 730, *writ denied*, 01-1331 (La. 6/22/01), 794 So.2d 791 (citing *Hunsucker v. Global Bus. Furniture*,

10

33,972 (La.App. 2 Cir. 9/27/00), 768 So.2d 698, *writ denied*, 00-3013 (La. 12/15/00), 777 So.2d 1235; *Fortenberry v. Glock, Inc. (USA)*, 32,020 (La.App. 2 Cir. 6/16/99), 741 So.2d 863).

In this case, Ms. Hunt timely filed suit against LMRMA, but not against the City. The interruption of prescription by the filing of suit against LMRMA would serve to interrupt the prescriptive period as to the City if the City and LMRMA were solidary obligors. They are not. Therefore, Ms. Hunt's amending petition adding the City as a defendant is timely only if it relates back to the filing of the original petition in accordance with La.Code Civ.P. art. 1153. For the reasons set forth above, we find that Ms. Hunt has failed to satisfy the second, third, and fourth criteria set forth in *Ray* for relation back to the original timely filed petition against LMRMA. Therefore, the untimely supplemental petition seeking to add the City as a defendant does not relate back to the filing of the original petition, and the claims asserted against the City have prescribed.

## **<u>DECREE</u>**

For the foregoing reasons, we grant the writ and make it peremptory; we reverse the judgment of the trial court denying the Exception of Prescription filed by the City of Marksville; we grant the Exception of Prescription filed by the City of Marksville; and, we dismiss the petition of Plaintiffs, Alexis Hunt, Genae Hunt Individually, and as Natural Tutrix of Her Minor Children, Gekira Hunt and Jakalyn Hunt. Costs of this appeal are assessed to Plaintiffs, Alexis Hunt, Genae Hunt Individually, and as Natural Tutrix of Her Minor Children, Gekira Hunt and Jakalyn Hunt.

**WRIT GRANTED AND MADE PEREMPTORY.**